1 Nunez Stipulation Bankruptcy Case # 17-13085/ELF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jessica Nunez,<br>Debtor. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>17-13085/ELF<br><br>11 U.S.C. § 362 |
| Nationstar Mortgage LLC as servicer for Wells Fargo Bank, National Association, as trustee for the Certificateholders of the CWMBS, Inc., Reperforming Loan REMIC Trust Certificates, Series 2002-2,<br>Movant,<br>v.<br>Jessica Nunez,<br>Debtor, | |
| William C. Miller, Trustee,<br>Additional Respondent. | |

### STIPULATION AND ORDER

AND NOW, it is hereby stipulated and agreed to by and between Nationstar Mortgage LLC as servicer for Wells Fargo Bank, National Association, as trustee for the Certificateholders of the CWMBS, Inc., Reperforming Loan REMIC Trust Certificates, Series 2002-2, ("Movant") and Jessica Nunez, ("Debtor") as follows:

1. On July 5, 2018, Movant filed a Motion for Relief with respect to the mortgage held on Debtor's property at 3260 Frankford Avenue, Philadelphia, PA 19134 (the "Property"), are $682.22.

2. On July 31, 2018, this Honorable Court entered an Order granting Movant Relief from the Automatic Stay (the "Relief Order").

3. On September 10, 2018, Debtor filed a Motion to Reconsider.

4. The parties have agreed to vacate the Relief Order entered July 31, 2018 and reinstate the automatic stay as per the terms of this stipulation.

5. The post-petition arrearages on the mortgage held by Movant on Debtor's Property are $4,015.48. The breakdown of the arrears is as follows:

| | |
|---|---:|
| Post-Payments from August 1, 2018 – October 1, 2018 at $337.42 each = | $1,012.26 |
| Bankruptcy Attorney Fees | $ 850.00 |
| Bankruptcy Costs | $ 181.00 |
| Post-Relief Foreclosure Attorney Fees and Costs | $2,000.00 |
| Suspense Balance | $ 27.78 |

6. Debtor shall make a lump sum payment of $984.48 on or before October 9, 2018;

2 Nunez Stipulation Bankruptcy Case # 17-13085/ELF

7. Debtor shall file an amended Chapter 13 Plan to pay the balance of the arrears, to wit, $3,031.00 by November 9, 2018. Movant shall file a Notice of Postpetition Mortgage Fees, Expenses, and Charges to reflect the same.

8. Debtor shall resume making the regular monthly mortgage payments on November 1, 2018 in the amount of $337.42, or as same may be adjusted from time to time in accordance with Paragraph (11);

9. Debtor acknowledged that if funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges.

10. All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC, at P.O. Box 619094, Dallas, Texas 75261-9741.

11. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

12. All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

13. In the event that Debtor fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the Automatic Stay.

14. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

3 Nunez Stipulation Bankruptcy Case # 17-13085/ELF

15. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

16. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

17. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 10/9/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 10/8/18

Brad J. Sadek, Esquire
Attorney for Debtor

Dated: 10/18/18

William C. Miller
Trustee

LeRoy Etheridge /e
NO OBJECTION
*without prejudice to any trustee rights or remedies.

AND NOW, this _____ day of _____, 2018, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE